### BERNSTEIN v. NEALIS.

*(Supreme Court, General Term, First Department.*   June 29, 1892.)

SALE OF LAND—RIGHTS OF PURCHASER—INSUFFICIENT QUANTITY.

Where one sells a house and lot, describing them by the street number, and referring for a particular description to a recent deed, wherein the property was described by the abutting houses, and the frontage was stated to be 23 feet, "more or less," the fact that the frontage is less than 23 feet does not constitute a breach of the contract of sale.

Appeal from circuit court, New York county.

Action by Amelia Bernstein against James Nealis to recover a payment made on a contract of sale of a house and lot. From a judgment entered on a verdict directed in favor of plaintiff, defendant appeals. Affirmed.

Argued before VAN BRUNT, P. J., and O'BRIEN and PATTERSON, JJ.

*T. J. McKee,* for appellant.   *A. Stern,* for respondent.

VAN BRUNT, P. J.   The plaintiff brought this action to recover the amount paid on a contract between the plaintiff and the defendant whereby the defendant agreed to convey to the plaintiff the house and lot known as "No. 237 Elizabeth Street," together with all the fixtures therein, being the same premises as are particularly described by a deed made by Charles A. Binder to the defendant. It was claimed that the defendant failed to perform the agreement on his part, because the premises which he offered to convey are described in said deed as being 23 feet 3 inches in width in front and rear, whereas, in reality, they are only 20 feet in front and rear. Another objection stated in the complaint is that the defendant's title is defective, because in the deed of Binder to the defendant the premises are described as being 123 feet 2 inches from the corner of Prince and Elizabeth streets, while in reality the premises are 121 feet 2 inches from said corner. It was proved upon the trial that the defendant offered performance by tendering a deed describing the property as being known as "No. 237 Elizabeth Street," and situated between 239 and 235 Elizabeth street, having a frontage of about 23 feet 3 inches, more or less, and a depth of 91 feet 3 inches on each side. The plaintiff also established by the evidence that a survey had been made of the premises, and they were 121 feet 2 inches from the corner, and 20 feet 2 inches in width.   Both parties having moved for the direction of a verdict, the defendant's motion was denied, and the plaintiff's motion was granted; and from the judgment thereupon entered, this appeal is taken.   It would appear from an examination of the various conveyances introduced in evidence, in respect to the property in question, that the locality of the premises had been determined by the houses and lots upon either side, and by the street numbers, rather than by any definite distances or dimensions which may have been mentioned in the deed.   The description contained in the deed of Binder to the defendant described the property as being on the westerly side of Elizabeth street, between Prince and Houston streets, and bounded easterly in front by Elizabeth street 23 feet 3 inches, "more or less; northerly on one side by a house and lot now or formerly of John R. Livingston, and now known as number two hundred and thirty-nine, (239,) formerly number 219, Elizabeth street, ninety-one feet, more or less; westerly, in the rear, by a lot of ground now or formerly of William Lawrence, twenty feet three inches, more or less; and southerly on the other side by a house and lot of land now or formerly of W. and G. Post, and now known as number two hundred and thirty-five.

(235,) formerly number 215, Elizabeth street, ninety-one feet three inches, be the said dimensions more or less. The above-described premises being now known as number two hundred and thirty-seven, (237,) formerly 217, Elizabeth street."

It is to be seen that the lot is 20 feet 3 inches in the rear, and 23 feet 3 inches in front, but its precise location is designated as being between 239 and 235 Elizabeth street; and that the various dimensions in Binder's deed are stated to be indefinite, the words "more or less" being applied to each. Therefore, so far as compliance with the contract is concerned, the conveyance tendered was that of the property attempted to be conveyed by Binder to the defendant. In fact, No. 237 Elizabeth street, as it then stood, was what was contracted for, and what was mentioned in Binder's deed, and what was mentioned in the deed from the defendant to the plaintiff; and therefore the point that the premises were not 23 feet 3 inches in front, but only 20 feet 3 inches, is not material, as a conveyance of the whole thing contracted for was tendered.

But the point that the premises commenced 121 feet 2 inches from the corner of Prince and Elizabeth streets, and not 123 feet 2 inches, becomes material because of the chain of title. It appears that one George P. Stutzman acquired the title to the premises in question from Rosamond M. Floyd on the 26th of November, 1869, by a deed in which the premises are described substantially as they are described in the deed from Binder to the defendant. In 1870, Stutzman mortgaged the premises to one Cauldwell, in which he described the premises as commencing 123 feet 2 inches northerly from the "northwesterly corner of Prince and Elizabeth streets; running thence northerly, along the said westerly line of Elizabeth street, 20 feet 3½ inches; thence running westerly, and parallel or nearly so with the said northerly side or line of Prince street, 91 feet; thence running southerly, and parallel with the said westerly line of Elizabeth street, 20 feet 3½ inches; and thence running easterly, parallel or nearly so with the northerly line or side of Prince street, 91 feet 3 inches, to the point or place of beginning; being the same premises which were conveyed by deed bearing date the 26th day of November, 1869, to the party of the first part by Rosamond Floyd." This mortgage was assigned to Christopher K. Markling, who foreclosed the same against one Maria Venter, who at the time of the foreclosure suit owned the fee. The complaint in the foreclosure action followed the description contained in the mortgage, without any reference to the deed through which the mortgagor had acquired title, or the street number, and the decree also followed this description. Hence it would appear that the mortgage was foreclosed upon premises distant 123 feet 2 inches northerly from the northwesterly corner of Prince and Elizabeth streets; whereas, the premises actually were 121 feet 2 inches from said corner, leaving 2 feet not covered by the proceedings in foreclosure. This, we think, is fatal to the title. If in the foreclosure proceedings reference had been made to the previous deeds, perhaps this difficulty might have been cured, although there may be some question upon this point. But the complaint and the decree in foreclosure described the premises particularly as commencing 123 feet 2 inches from the corner, and no other or different construction can be placed upon it. There was no reference to the street number, and no reference to any other deed or conveyance by which any discrepancy in this description might be cured. Therefore the two feet nearest the corner seem not to have been included in the foreclosure proceedings,—a very material part of the premises which the plaintiff was entitled to get under her contract.

Some criticism has been made in reference to the accuracy of the survey, that the corner was not well defined, and that the surveyor may have been mistaken. That is undoubtedly true. But the plaintiff was entitled to have a title free from reasonable doubt, and the evidence tended to show that the

surveyor was correct in his location of the premises, and there was nothing to contradict that evidence. We think, therefore, there was a fatal defect, and that the plaintiff could not be called upon to take the title under the circumstances, but was entitled to be released from her contract, and to recover back the amount paid thereon, and the expense of the examination of the title. The judgment should be affirmed, with costs. All concur.